[Civ. No. 16684.   Second Dist., Div. Two.   Mar. 1, 1949.]

NETTIE KOONTZ, Respondent, v. EDGAR T. FEE, as Executor, etc., Appellant.

Edgar T. Fee and P. E. Durkee for Appellant.

Hansen & Sweeney and Victor R. Hansen for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover on a rejected claim filed in the estate of Bessie O'Connor in which defendant is executor of the last will and testament, defendant appeals.

## FACTS

In December, 1943, plaintiff was a resident of the State of Ohio and Bessie H. O'Connor, now deceased, was a resident of the State of California. Deceased was addicted to the excessive use of alcoholic beverages and was at the time in need of personal care, nursing and attention. At the request of deceased plaintiff came to California and cared for her. Plaintiff filed a claim with the executor of decedent's estate for services rendered decedent, which was rejected. Thereafter plaintiff instituted the present suit in which it was alleged that plaintiff had rendered personal services to decedent "at the special instance and request of decedent 'in writing' and in reliance upon the promise of decedent that plaintiff would be paid for said services out of the estate of decedent."

A judgment was rendered in favor of plaintiff.

## QUESTIONS

■ First: *Since the evidence disclosed and the trial court found that there was no written contract between plaintiff and decedent, was there a fatal variance between the allegations of the complaint that the services were rendered at the request of decedent "in writing," and the proof that the services rendered were at the oral request of decedent?*

This question must be answered in the negative. The words "in writing" set forth in the paragraph of the complaint mentioned above are mere surplusage and do not go to the substance of the material allegations in the pleading. As thus treated the complaint alleged a cause of action for the reasonable value of services rendered on the theory of *quantum meruit*.

■ Second: *Was there substantial evidence to sustain the trial court's finding that plaintiff was entitled to recover on a quantum meruit?*

This question must be answered in the affirmative. The witness Marguerite Yount testified, in response to the question as to whether she had ever had any conversation with decedent concerning the compensation which was to be paid to plaintiff, as follows: "In her conversations to me when she requested that I write Mrs. Koontz, she said that she would pay all her expenses out and all her expenses back and all her expenses while she was here and take care of her substantially in her will when the end came which she felt would be very soon. . . . She said that she intended to reimburse her in her will

and that the check was going to follow to take care of her expenses.''

This evidence clearly sustained the trial court's finding that plaintiff was entitled to recover upon a *quantum meruit* for the services she had rendered decedent.

Defendant further contends that plaintiff did not perform any services and that they were gratuitous if she did. In view of the trial court's finding supported by substantial evidence it is obvious that there is no merit in such contention.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.